UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**NORTHERN DIVISION at COVINGTON**

| | | |
|---|---|---|
| MARK PULLEN, | ) | |
| Plaintiff, | ) | Civil No. 2: 20-82-JMH |
| V. | ) | |
| BOONE COUNTY. SHERIFF'S DEPT., *et al.*, | ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Mark Pullen is an inmate confined at the Roederer Correctional Complex in La Grange, Kentucky. Pullen has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [R. 1]. The Court has granted his motion to proceed *in forma pauperis* by separate Order. This matter is before the Court to conduct the initial screening required by 28 U.S.C. §§ 1915(e)(2), 1915A.[1]

In his Complaint, Pullen alleges that when he was arrested in January 2012, he gave police a false name, address, date of birth and Social Security Number. During his criminal trial, Dan

---

[1] These statutes direct a district court to dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). When reviewing the plaintiff's complaint at this stage, the Court accepts all non-conclusory factual allegations as true and liberally construes its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012). The Court therefore sets forth Pullen's allegations as fact.

1

Stephens testified that Pullen had given or used the Social Security Number of a man named Ronnie Dale Lainhart but that Lainhart testified that nothing was stolen from him. Pullen was tried and convicted of unidentified criminal charges and sentenced to ten years in prison.

Pullen indicates that he was released on parole from these charges in 2015 and that in 2017, he received a copy of a 2012 report written by Stephens stating that Pullen had also used the Social Security Number of a "Mr. Dale." Pullen complains that this evidence—including the substance of Stephens's testimony and the 2012 report—was withheld during his criminal trial, rendering it unfair. Plaintiff names three defendants in his Complaint: the Boone County Sheriff's Department, Doug Struder, and Dan Stephens. He does not request any particular relief in his Complaint. [R. 1].

Pullen does not identify the criminal prosecution to which he refers in his Complaint. However, a court may take judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F. 3d 508, 513 n.2 (6th Cir. 2009), including "proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969). In February 2012 Pullen was charged in Boone County with Theft of Identity of Another Without Consent in violation of Ky. Rev. Stat. 514.160 and being a

2

Persistent Felony Offender in violation of Ky. Rev. Stat. 532.080(3). Both Sergeant Dan Stephens and Deputy Doug Struder testified at trial. Pullen was found guilty following a jury trial and sentenced to one year imprisonment, increased to ten years with the PFO enhancement. See https://tinyurl.com/yca6f6pm (visited on June 3, 2020).

The Court has thoroughly reviewed the Complaint, but concludes that it must be dismissed upon initial screening. First, while Pullen names the Boone County Sheriff's Department and Doug Struder as defendants, he makes no allegations against them. The Complaint therefore fails to state a claim against these defendants. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting that a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.").

Second, while Pullen names Dan Stephens as a defendant, Pullen's allegations do not suggest any misconduct on Stephens's part. If Pullen's claim is based upon Stephens's testimony at trial, Stephens is entitled to absolute immunity. *LeFever v. Ferguson*, 567 F. App'x 426, 430 (6th Cir. 2014) ("Absolute immunity shields all testimony given in judicial proceedings, including perjured testimony."). And to the extent Pullen now complains that the alleged failure to disclose Stephens's testimony and report in

3

2012 ran afoul of *Brady v. Maryland*, 373 U.S. 83 (1963), "a § 1983 claim that necessarily calls into question a plaintiff's criminal conviction must be dismissed unless the plaintiff's conviction has been formally invalidated." *Violett v. Cohron*, No. 16-5484, 2017 WL 8236191, at *1 (6th Cir. 2017) (*citing Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994)). Pullen's claim that the nondisclosure rendered his trial unfair does just that, and his Complaint must be dismissed.

Accordingly, it is **ORDERED** as follows:

1. Pullen's Complaint [R. 1] is **DISMISSED** with prejudice;
2. The Court will enter an appropriate judgment; and
3. This matter is **STRICKEN** from the active docket.

This the 3rd day of June, 2020.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge